THE UNITED STATES DICTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA

FILED
01/26/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

| | |
|---|---|
| DEVIN R. HUNT, <br> Plaintiff, <br><br> v. <br><br> T. RULE, WARDEN, <br> FCI TERRE HAUTE <br> Respondent, | 2:23-cv-00038-JPH-MKK <br> No. 19-CR-30097-NJR-01 |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER U.S.C. § 2241

COMES NOW, the Plaintiff, Devin R. Hunt (Hunt), Pro Se, in this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 regarding the application of earned time credits in pre conviction custody.

### BACKGROUND

On October 08, 2019, the Plaintiff (Hunt) was sentenced out of the Southern District of Illinois by the Honorable Judge Rosenstengel for violation of 21 U.S.C. §841(B)(1)(C) and §841(A)(1) to total term of 51 months of imprisonment. Upon release, the Plaintiff is to serve a total term of 3 years of supervised release. [see <u>HUNT v. UNITED STATES</u>, No. 19-CR-30097-NJR-01]

Upon entering BOP custody, he was awarded <u>370</u> days of <u>PRIOR CREDIT TIME</u> [see Ex.1] for time spent in preconviction custody. With the awarded time credits, the Plaintiff (Hunt) has a projected GCT release date of October 05, 2024.

The Plaintiff (Hunt) in the offending case (19-CR-30097-NJR-01) began filing administrative remedies as required per the PLRA

(Prison Litigation Reform Act) by filing a BP-8 (informal resolution) with his unit team on May 04, 2022. A prompt response was received on May 09, 2022 stating the following, "your computation is correct." (see ex.2) On May 16, 2022, a BP-9 was filed with the Warden of FCI Terre Haute and assigned case number 1120420-F1. A response was received from the Warden's office on May 27, 2022 stating "DSCC has audited and certified your computation as true under current conditions" and "[A] review of your request reveals the dates you are requesting were spent in primary custody of the Missouri Department of Corrections. You cannot receive credit for time which is given to another sentence. You received jail credit from June 08, 2016, to June 14, 2016 and from February 12, 2021 to February 09, 2022, for a total of 370 days jail credit." The request was denied. On June 24, 2022, a BP-10 (Regional Administrative Remedy Appeal) was filed and was responded to on August 08, 2022 by Regional Director, Andre Matevousian, where again it was denied based on the rational applied in previous remedies by the Bureau of Prisons. [see Ex.3][Administrative Remedy Number: 1120420-R1] A BP-11 was filed with the Central Office/Office of General Counsel where it is assumed that it will be denied at that level based on previous filings, thus making the filing futile in nature. Based on the aforementioned, this issue is now ripe for filing with the Court.

## ARGUMENT

The prevailing document that goes to the heart of the matter is the BOP's own response in its'Regional Administrative Remedy Appeal/ Part B-Response. It states amongst other things that, "[T]he state Judgment does not indicate concurrency to the federal case." [see Ex.3] A recently reissued order <u>CONFIRMING</u> the concurrency of the sentence, signed by the State's Attorney, Plaintiff's Attorney and the Judge presiding over the case shows this assertion by the BOP to be inaccurate and not true. [see Ex.4][State of Missouri Court Order] This entire sentence, offered by the State of Missouri was to run concurrently with the Plainfiff's 51 month federal sentence.

That always was and is, the intent of the State of Missouri in both cases.

Mathematically, the Plaintiff's (Hunt) days spent in custody are broken down as follows:

```
                         06/08/2016 thru 06/14/2016 (credit Given)(7)
                         06/21/2017 (Indicted-out of custody)    (0)
    ****First Arrested*  02/11/2018 (Federal HOLD Initiated/IN Custody)
                         02/12/2018 (State Charges Filed/IN Custody)
                         02/11/2018 thru 02/09/2022 (IN Custody)  (363)
                         10/08/2019 (Sentenced in Federal Case)
                         01/24/2022 (Sentenced in State Case)
```

Proposed/Actual Jail
Credit Should Reflect:   02/11/2018 thru 02/09/2022   (1459 days)

The 1459 days reflects the concurrent term orderd by the Court of all time spent in custody. The secondary argument that follows the aforementioned is that of 'Primary Custody'.

The <u>Doctrine of Primary Custody</u> is anage old argument that has been settled in a number of cases. Most recently, in <u>POPE v. PERDUE</u>, 889 F. 3d 410; 2018 U.S. App. Lexis 11550, No. 16-4217, the Court is clear when "primary custody" began, "[T]hus, Illinois had "primary custody" over him starting that day. When Illinois transferred the petitioner to federal custody without any indication that the state intended to maintain custody, Illinois intentionally relinqueshes primary custody."

While the BOP has authority to determine when a sentence begins to run, it's excercise of that authority is bound by the Doctrine of Primary Custody and by statute, 18 U.S.C. §3585(A).

Under the Doctrine of Primary Custody, an inmates federal sentence begins/commences only after the government excercises primary jurisdiction over the defendant. In this case, the government excercised primary jurisdiction over the Plaintiff (Hunt)

on February 11, 2018 before any other agency became involved. Since this intervening arrest, the Plaintiff (Hunt) has always worn clothing issued only to Federal Inmates, which is important because it lets custody staff know in city/county jails that a defendant is the 'primary custody' of the Federal Government.

In general, the sovereign that first arrests the defendant takes 'primary custody' over him until it relinqueshes it in some way. Because the decision to relinquish primary custody rests soley with the soverign excercising authority priority, The U.S. Court of Appeals for the Seventh Circuit looks to the intent of that soverign to determine if it has relinqueshed primary custody through a transfer. In this case, no 'transfer' ever took place. Infact, it was the opposite. The defendant remained in a federal holding facility and concurrently attended court hearings until he was given his concurrent sentence with the state court. He wore federal inmate jail clothing and was always designated a federal inmate.

## CONCLUSION

The interests of justice in this case demand that the Court issue an order, GRANTING the Plaintiff's (Hunt) request for time credits that are owed to him for time spent in custody in the amount of 1459 days, not the 370 days the BOP has credited him with. It is a depravation of rights and he currently is serving far more time than either the federal of state court ever intended him to serve in either cases. GRANTING this order will allow the PLaintiff (Hunt) to rejoin his family and reenter the community as the Court intended.

Submitted this 30 day of December, 2022.

Respectfully,

Devin R. Hunt, Pro Se
Reg. 14001-025
FCI Terre Haute
PO Box 33
Terre Haute, IN 47808